(No. 00-CV-1205–■■■■■)

*In re* APPLICATION OF TERRENCE R. TAYLOR

*Order filed January 10, 2000.*
*Order filed March 3, 2000.*

TERRENCE R. TAYLOR, *pro se.*

JIM E. RYAN, Attorney General (KIMBERLY M. PATE and DEBBIE SLADEK, Assistant Attorneys General, of counsel), for Respondent.

## ORDER

PER CURIAM.

This claim arises out of an incident that occurred on September 22, 1999. The Claimant, Terrence R. Taylor, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. 740 ILCS 45/1 *et seq.* (1998).

This Court has carefully considered the application for benefits submitted on November 8, 1999, on the form prescribed by the Attorney General and an investigatory report of the Attorney General of Illinois, which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Attorney General's Office, the Court finds:

1. That on September 22, 1999, the Claimant, Terrence R. Taylor, age 60, was a victim of a violent crime as defined in section 2(c) of the Crime Victims Compensation Act (740 ILCS 45/2(c)) to wit: aggravated battery. See 720 ILCS 5/12—4 (1998).

2. That the crime occurred in Decatur, Illinois and all of the eligibility requirements of section 6.1 of the Crime Victims Compensation Act have been met.

3. That the Claimant seeks compensation for the cost of repairing his automobile as a result of the incident.

4. That automobile repairs are not specifically enumerated as compensable expenses under section 2(h) of the Act.

5. That pursuant to section 10.1(a) of the Act, a person may be compensated for his pecuniary loss.

6. That the Claimant has not suffered a pecuniary loss as a result of the incident at this time.

It is hereby ordered that this claim be and is hereby denied.

## ORDER

RAUCCI, C.J.

This cause comes on to be heard after our denial of the claim for the reason that the Claimant was not entitled to be reimbursed for repairing his automobile, which was damaged as a result of his body being slammed against the vehicle during the commission of the crime. Claimant has asked us to reconsider the denial, and we shall do so.

Claimant maintains that section 2(h) of the Crime Victims Compensation Act provides that (and we quote from Claimant's letter of February 8, 2000):

"Para. (h) of the Act states 'Pecuniary loss means' * * * 'the purchase, lease, or rental of equipment necessary to create usability of and accessibility to the victim's real and personal property, or real and personal property, * * *.

Para. (h) further defines real and personal property 'includes, but is not limited to, vehicles * * *.' Vehicles are not specifically excluded, but are specifically included, in Para. (h) of the Act." Emphasis is Claimant's.

Claimant has misinterpreted paragraph (h). It reads:

"(h) 'Pecuniary loss' means, in the case of injury, appropriate medical expenses and hospital expenses including expenses of medical examinations, * * *; prosthetic appliances, eyeglasses, and hearing aids necessary or damaged as a result of the crime; the purchase, lease or rental of equipment necessary to create usability of and accessibility to the victim's real and personal property, or the real and personal property which is used by the victim, necessary as a result of the crime; * * *. Real and personal property includes, but is not limited to, vehicles, houses, apartments, townhouses, or condominiums. Pecuniary loss does not include pain and suffering or property loss or damage." Emphasis ours.

In order for there to be pecuniary loss, there must be injury which requires medical treatment, or prosthetic, eye or hearing devices, or "equipment necessary to create usability of and accessibility to the victim's" property. The "equipment" is equipment such as wheelchairs, walkers, or similar devices necessary because of the victim's injuries suffered because of the crime. It does not include his damaged personal property.

Our view is reinforced by the express provision that "(p)ecuniary loss does not include pain and suffering or property loss or damage."

We are constrained to affirm our prior decision. It is therefore ordered that the claim is denied.